[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ADDITUR (No. 107)
This motion prays for an order of Additur in the amount of $4,300.00 to the verdict returned by the jury.
In paragraph 1 of the complaint plaintiff alleges that he loaned the defendant $5,000.00 in September 1989. In his answer defendant admits that fact (paragraph 1) and he admits that he paid $700.00 on account of that loan to the plaintiff leaving a balance of $4,300.00 due and owing to plaintiff on that loan.
In paragraph 2 of the complaint plaintiff alleges that he CT Page 10735 delivered and lent an additional sum of $10,000.00 to the defendant in October 1989.
The evidence supports the conclusion that defendant repaid plaintiff $2,300.00 additionally for a total of $3,000.00 on the $15,000.00 total.
The jury were asked to decide whether the $10,000.00 delivery was a loan to defendant or money delivered for investment by defendant via a relative on behalf of plaintiff.
The jury returned a verdict for plaintiff in the amount of $7,700.00 as on file.
In order to determine whether a motion for additur should be granted the
 "evidential underpinnings of the verdict itself must be examined."
Judge Berdon in Barbieri v. Taylor, 37 Conn. Sup. 1 (1980), adequately set forth the appropriate law for this motion and requested additur notwithstanding that the vehicle in Barbieri was a motion to set aside the verdict.
It is the court's duty to grant an additur when it finds that (the verdict)
 "does manifest injustice, and is . . ., palpably against the evidence." Barbieri, p. 3.
The jury were instructed that it was their duty to decide whether the $10,000.00 delivery was a loan or an investment."
A transcript follows.
 "WHEREUPON JURY WAS BROUGHT INTO THE COURTROOM: 12:30 p.m.
 THE COURT: Okay, the record may indicate the six Jurors are here. The record will indicate that we had this communication from the Jury, quote, "point of law, if party A takes money from party B to invest with party C does party B have regress against party A for the money if there's a total loss?", end quotations. Ladies and gentlemen, I've gone over this note with the Attorneys and the Attorneys agree that this is the answer we're going to give you: And the CT Page 10736 answer is this, quote, "the issues for you to decide in this case is whether the ten thousand dollar transaction was a loan or was an investment.", end quote. And that's the only issue and we're not going to answer that particular question at this particular time. Okay. Thank you, you may go back.
JUROR: Thank you, your Honor.
 THE COURT: This will be exhibit 2 for the record, Court's Exhibit 2.
 WHEREUPON COURT'S EXHIBIT 2 WAS INTRODUCED INTO EVIDENCE AND WHEREUPON THE JURY CONTINUED WITH THEIR DELIBERATIONS: 12:37 p.m."
The conclusion is that the jury determined that the $10,000.00 was a loan on which the jury credited the payments of $2,300.00 and awarded plaintiff the sum of $7,700.00 plus interest.
The complaint and answer conclusively convinced the jury and court that the defendant admitted the $5,000.00 was a loan that he was to repay.
There is no basis to compel a conclusion that the jury were influenced by partiality, prejudice, mistake or corruption in the award of $7,700.00 plus interest on the $10,000.00 delivery.
The instruction "to decide in this case whether the ten thousand dollar transaction was a loan or was an investment. And that's the only issue" was clear. Both parties agreed to that instruction and no exception was noted.
The motion for additur of $4,300.00 is granted.
Proper procedure mandates that plaintiff prepare and file the necessary additional motion and order following the precedent printed in Barbieri above, p. 7.
JOHN N. REYNOLDS STATE TRIAL REFEREE